**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD STANTON (as trustee for Ashley Stanton) on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>MERRILL LYNCH & CO., INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>       Defendants. | Civil Action No. 08-cv-03054 |

**MEMORANDUM OF LAW IN SUPPORT OF THE STANTON GROUP'S**
**MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF AND (2) APPROVAL**
**OF THEIR SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

Preliminary Statement ................................................................................................ 5

Statement of Facts ...................................................................................................... 6

Argument ..................................................................................................................... 8

    A.  The Stanton Group Satisfies the Procedural
        Requirements of the PSLRA ....................................................................... 8

    B.  The Stanton Group Has Complied with the Requirements of
        the PSLRA and has the Largest Financial Interest in the Relief
        Sought by the Class ..................................................................................... 8

            1.  The Stanton Group Satisfies the Requirements
               of Fed. R. Civ. P. 23 .......................................................................... 9

            2.  The Stanton Group's Claims are Typical ......................................... 10

            3.  The Stanton Group Will Fairly and Adequately
               Represent the Interests of the Class .................................................. 12

    C.  The Court Should Approve the Stanton Group's Selection
        of Lead Counsel ........................................................................................ 13

Conclusion ................................................................................................................ 13

## TABLE OF AUTHORITIES

**CASES**

*Gluck v. CellStar Corp.*
   976 F. Supp. 542, 546 (N.D. Tex., 1997) ................................................. 10

*Johsnson v. Pozen Inc.*,
   2008 WL 474334, *2 (M.D.N.C. 2008) .................................................. 11

*In re Bank of Boston Corp. Sec. Litig.*,
   762 F. Supp. 1525, 1532 (D. Mass. 1991) .............................................. 10

*In re Cendant Corp. Litig.*,
   264 F.3d201, 276 (C.A.3 NJ, 2001) .......................................................... 13

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285, 291 (2d Cir. 1992) ...................................................... 10, 12

*In re Lernout & Hauspie Sec. Litig.*,
   138 F. Supp. 2d 39, 46 (D. Mass. 2001) ................................................ 10

*In re NASDAQ Market-Makers Antitrust Litig.*,
   172 F.R.D. 119, 126 (S.D.N.Y 1997) ............................................ 10, 11, 12

*In re NASDAQ Market-Makers*,
   169 FRD 493, 512 (S.D.N.Y. 1996) ...................................................... 12

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42, 50 (S.D.N.Y. 1998) ....................................................... 12

*Lernout & Hauspie*,
   138 F. Supp. 2d 39, 46 (D. Mass., 2001) ............................................. 9, 10

*Robidoux v. Celani*,
   987 F.2d 931, 936-37 (2d Cir. 1993) ..................................................... 10

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................. 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................ 13

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). ................................................................ 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .................................................................. 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................ 13

15 U.S.C. §78u-4(a)(3)(A)(i)(II) ........................................................................... 8

§21D(a)(3)(B) of the Securities Exchange Act of 1934 ............................... 5, 13

Fed. R. Civ. P. 23 ......................................................................................... 9, 10

Fed. R. Civ. P. 23(a) ..................................................................................... 9, 10

Fed. R. Civ. P. 23(a)(3) ..................................................................................... 10

The Stanton Group[1] respectfully submit this Memorandum of Law in support of their motion to: (1) appoint the Stanton Group as lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as lead counsel.

## PRELIMINARY STATEMENT

Presently pending in this District are two related securities class action lawsuits brought on behalf of investors who purchased auction-rate securities ("ARS") from MERRILL LYNCH & CO., INC., which is a subsidiary of MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, (collectively referred to as "Merrill Lynch" or "Defendants") between March 25, 2003 and February 13, 2008 (the "Class Period"), alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder.

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Stanton Group believes that it is the "most adequate plaintiff" under the PSLRA to serve as the lead plaintiff on behalf of all investors that purchased ARS from Merrill Lynch and were who were harmed by Defendants' misconduct.  As discussed below, the Stanton Group believes that it has the largest financial interest of any adequate movant in the relief sought in this action.  Specifically, the Stanton Group purchased $2,241,698.18 of illiquid ARS during the Class

---

[1] The Stanton Group is comprised of the following members: Richard Stanton, Mark Rowlands, Lester Handler, Sheila Handler and William Borra.

Period and currently holds $2,141,684.18.[2]

The Stanton Group also satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of the other members of the proposed Class and it will fairly and adequately represent the Class.  The members of the Stanton Group purchased a broad variety of ARS issues sold by Defendants and are therefore well-positioned to represent the members of the Class.

The Stanton Group also seeks to have its counsel, Levi & Korsinsky appointed as lead counsel.  Levi & Korsinsky has extensive experience and a track record of success in handling securities fraud litigation, including class actions, and therefore should be designated as lead counsel.

## STATEMENT OF FACTS

ARS are municipal bonds, corporate bonds, and preferred stocks with interest rates or dividend yields that are periodically re-set through auctions, typically every 7, 14, 28, or 35 days. ARS are issued with long-term maturities or even in perpetuity.  In the case of auction rate preferred securities typically issued by closed-end funds in order to provide the funds' leverage, there is no maturity date and some are paying interest rates of just above 3.00%.  However, due to an interest rate or dividend yield re-set feature, ARS have been marketed as short-term instruments.  ARS, however, bear no resemblance to any cash management vehicles and, in fact, federal regulations prohibit money market funds from investing in ARS.

Defendants deceptively marketed ARS as cash alternatives to money market funds for investors needing liquidity and utterly failed to disclose material information

---

[2] Since April 4, 2008 Merrill Lynch has redeemed F&C/Claymore ARS from Lester Handler and Sheila Handler for $50,007.00 each.

about the ARS they were marketing.

Defendants uniformly failed to disclose that ARS are not cash alternatives to money market funds but are instead complicated financial products based on bonds having maturities of 30 years and longer.  Defendants also failed to disclose that ARS were only "liquid" because they and other broker-dealers created an artificial market for ARS which would dry up as soon as these broker-dealers decided to remove themselves from the auction process.  Defendants also failed to disclose that during the Class Period they purchased ARS for their own accounts to avert auction failures, and that, but for its intervention, a great deal of these auctions would have failed.

Instead of disclosing the true nature of ARS and the substantial liquidity risks associated with them, Defendants continued to push as many ARS as possible on to their customers.

On or about February 13, 2008, Defendants and other broker-dealers simply stopped participating in ARS auctions and walked away entirely.  As a result, thousands of investors who thought they were holding highly liquid investments purchased from the Defendants are now saddled with long term securities they cannot sell.

Investors have no prospect of ever selling their securities through the auction market which has now been exposed as manipulated and artificial.  The only chance for investors to sell their ARS and to achieve liquidity is to take a "haircut" and sell their securities at a substantial discount to par value.   Ironically, these ARS were sold as "cash equivalents."

Thus, Plaintiff and the other Class members have been harmed as a result of Defendants' deceptive conduct and misrepresentations because the ARS they purchased

from the Defendants are no longer liquid and are also now worth less due to their illiquidity.

<u>**ARGUMENT**</u>

A.    **The Stanton Group Satisfies the Procedural Requirements of the PSLRA.**

The PSLRA requires a movant seeking lead plaintiff status to have either filed an initial complaint or timely moved for appointment as lead plaintiff within sixty days of an initial notice.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).  In this case, plaintiff published a notice on March 25, 2008 advising all Class members who are interested in moving for appointment as lead plaintiff to do so by May 25, 2008.[3]   As the Stanton Group filed a motion seeking lead plaintiff status by this date, its motion is timely and the Stanton Group satisfies this procedural requirement of the PSLRA.  *See id.*

B.    **The Stanton Group Has Complied With The Requirements Of The PSLRA and Has The Largest Financial Interest In The Relief Sought By The Class**

The members of the Stanton Group have signed certifications attesting to their purchase of ARS from Merrill Lynch and authorizing this action to be maintained on their behalf and on behalf of a Class of similarly situated individuals.   These certifications contain the requisite statements and satisfy subsection (aa) of Section 78u-4(a)(3)(B)(iii)(I) of the PLSRA.  A copy of the certifications are attached as Exhibit B to the Declaration of Joseph E. Levi submitted herewith.

During the Class Period, the Stanton Group purchased $2,241,698.18 of illiquid ARS during the Class Period and currently holds $2,141,684.18[4] of ARS from Merrill

---

[3]       A copy of this notice is attached as Exhibit A to the Declaration of Joseph E. Levi.

[4] Since April 4, 2008 Merrill Lynch has redeemed F&C/Claymore ARS holdings from Lester Handler and Sheila Handler for $50,007.00 each.

Lynch. Thus, the Stanton Group is believed to possess the largest financial interest in the relief sought by the Class in these actions. Accordingly, the Stanton Group satisfies Section 78u-4(a)(3)(B)(iii)(I)(bb) of the PSLRA and is presumptively the most adequate lead plaintiff to represent the Class and/or any subclasses in this action. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 1.   The Stanton Group Satisfies the Requirements of Fed. R. Civ. P. 23

Section 78u-4(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two, typicality and adequacy, directly address the personal characteristics of the class representative. *See In re Lernout & Hauspie Sec. Litig.,* 138 F. Supp. 2d 39, 46 (D. Mass. 2001)(recognizing that plaintiffs seeking appointment as lead plaintiff need only make preliminary showing that they satisfy Rule 23 typicality and adequacy requirements). Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead

plaintiff moves for class certification. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). A Court's determination with respect to typicality and adequacy is without prejudice to defendants' right to contest these issues later in the action. As set forth below, the Stanton Group satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as lead plaintiff.

### 2.    The Stanton Group's Claims are Typical

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the prospective lead plaintiff's claims arise out of the same course of conduct and are based on the same legal theory of the other members of the class and/or subclass. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 126 (S.D.N.Y 1997); *see also Lernout & Hauspie*, 138 F. Supp. 2d at 46 (typicality satisfied when a "named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class") (quoting *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991)).

Rule 23 does not require that the named plaintiffs be identically situated with all Class members. It is enough if their situations share a common issue of law or fact. See *In re NASDAQ Market-Makers*, 172 F.R.D. at 126. Also, at the lead plaintiff stage, the initial Rule 23 inquiry is confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy. *Johnson v. Pozen Inc.*, 2008 WL 474334 at *2 (M.D.N.C. 2008). The Stanton Group unquestionably satisfies both requirements in this case.

Here, the Stanton Group's claims are typical of the claims of other Class members.  As detailed above, the complaints allege that the Defendants violated Sections 10(b) and 20(a) of the Exchange Act and related SEC regulations by publicly disseminating false and misleading statements during the Class Period.  In this action, the questions of law and fact common to the members of the Class and which affect individual Class members include:

(a)    whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)    whether Merrill Lynch issued false and misleading statements during the Class Period;

(c)    whether Defendants acted knowingly or recklessly in issuing false and misleading statements;

(d)    Whether Merrill Lynch breached its fiduciary duties and other obligations to its brokerage clients; and

(f)    whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to the Stanton Group, as well as to all members of the purported Class.  Similar to all of the other members of the Class, the members of the Stanton Group were sold ARS by Merrill Lynch as cash alternatives when in fact they are complicated long-term financial instruments. Thus, the claims of the Stanton Group are based on the same course of conduct and legal theories of the other members of the Class. The typicality requirement is therefore satisfied in this case.  *See In re NASDAQ Market-Makers*, 172 F.R.D. at 126; *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d at 291.

### 3. The Stanton Group Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirements of Rule 23(a)(4) depends both on an "absence of conflict and antagonistic interests between the proposed representatives and the class members, and [ ] that Plaintiffs' counsel is 'qualified, experienced and capable.'" *In re NASDAQ Market-Makers*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996)(citations omitted); *see also In re Oxford Health Plans, Inc. Sec. Litig*., 182 F.R.D. 42, 50 (S.D.N.Y. 1998).

The Stanton Group satisfies this test. First, there is no conflict between members of the Stanton Group and other class members – all investors are aligned in the common interest of recovering the maximum possible damages from the Defendants. Indeed, the substantial amount of illiquid ARS held by the Stanton Group creates an incentive to maximize the recovery in this case. Moreover, because the members of the Stanton Group purchased a broad variety of ARS issues sold by Defendants, it is therefore well-positioned to represent the members of the Class. Second, the Stanton Group has selected Levi & Korsinsky as lead counsel. Levi & Korsinsky has extensive experience in the area of securities litigation and has prosecuted many securities fraud class actions in the past. A copy of the resume for Levi & Korsinsky is annexed to the Declaration of Joseph E. Levi as Exhibit C.

Accordingly, there can be no doubt that the Stanton Group has amply demonstrated its ability to oversee this action and to act in the best interest of the Class (and any subclass) to obtain the maximum recovery. Based on these facts, the Stanton Group satisfies the requirements of Section 78u-4(a)(3)(B)(iii)(I) of the PSLRA and should be appointed lead plaintiff.

**C.    The Court Should Approve the Stanton Group's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d at 276 (holding that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Here, the Stanton Group has selected Levi & Korsinsky as their lead counsel, which is a highly skilled and experienced law firm in the areas of securities litigation. Further, counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously.  Accordingly, the Court should approve the Stanton Group's selection of Levi & Korsinsky as lead counsel for the Class.

## <u>CONCLUSION</u>

For all the above reasons, the Stanton Group respectfully requests that the Court: (1) appoint the Stanton Group as lead plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act; (2) approve its selection of Levi & Korsinsky as lead counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated:  May 27, 2008                            /s/ Joseph E. Levi

                                         _____

                                         **LEVI & KORSINSKY, LLP**
                                         Eduard Korsinsky (EK 8989)
                                         Joseph E. Levi (JL 0848)
                                         Juan E. Monteverde (JM 8169)
                                         39 Broadway, Suite 1601
                                         New York, NY 10006
                                         Phone:  (212) 363-7500
                                         Fax:     (212) 363-7171

                                         *Proposed Lead Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD STANTON (as trustee for Ashley Stanton) on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL LYNCH & CO., INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, <br><br> Defendants. | Civil Action No. 08-cv-03054 |

**[PROPOSED] ORDER APPOINTING THE STANTON GROUP AS LEAD PLAINTIFF AND APPROVING ITS SELECTION OF LEAD COUNSEL FOR THE CLASS**

Having considered all motions for appointment as lead plaintiff in the above-referenced actions, the Court having read and considered all papers, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      The Stanton Group[1] is hereby appointed the Lead Plaintiff in the Action for the class pursuant to the Securities Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

2.      The Stanton' Group selection of counsel is approved and Levi & Korsinsky, LLP are hereby approved as Lead Counsel for the Class.

---

[1] The Stanton Group is comprised of the following members: Richard Stanton, Mark Rowlands, Lester Handler, Sheila Handler and William Borra.

3.    Lead Counsel shall have the sole authority and discretion over the following matters on behalf of all plaintiffs in their respective cases: (a) appointment of suitable Local Counsel, (b) the initiation, response, scheduling, briefing and argument of all motions, (c) the scope, order and conduct of all discovery proceedings, (d) the designation of which attorneys may appear at hearings and conferences with the Court, (e) the timing and substance of any settlement negotiations with defendants, and (f) other matters concerning the prosecution and resolution of the respective cases. No other attorney is authorized to undertake any action on behalf of the class of securities purchasers without the express authorization of Lead Counsel. Defendants' counsel may rely upon agreements made with Lead Counsel and such agreements shall be binding on all plaintiffs.

Dated: _____ ____, 2008 _____

_____
United States District Judge